UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EASTERN DISTRICT

Civil Action No.

| | |
|---|---|
| RONALD J. GILLIS, JR., <br> **Trustee of One Mear Road Trust** <br><br> Plaintiff <br><br> v. <br><br> **FALLS STAMPING AND WELDING COMPANY AND FALLS NEW RIVER VALLEY STAMPING COMPANY, LLC,** <br><br> Defendants <br><br> AND <br><br> **THE NEW CAN COMPANY, INC.,** <br> Rule 19 Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### COMPLAINT AND CLAIM FOR TRIAL BY JURY

### Introduction

This is an action by a Massachusetts judgment creditor to establish successor entity liability on the part of corporations that continue to operate the Massachusetts judgment debtor's business having removed from the Commonwealth of Massachusetts all assets of the debtor which could be used to satisfy the Judgment. Liability of the Defendant entities will be established under the equitable doctrines of "de facto merger" and "mere continuation" of the judgment debtor's business. Claims are also brought for Unjust Enrichment, violation of the Massachusetts Uniform Fraudulent Transfers Act and the

1

Massachusetts Unfair and Deceptive Trade Practices Act. The relief sought includes Declaratory Judgment under 28 U.S.C. § 2201 and imposition of a Receivership under F.R.C.P. Rule 66.

### Concerning the Parties to This Action

1. The Plaintiff, Ronald J. Gillis, Jr. is a natural person who brings this action as the Trustee of One Mear Road Trust, a Massachusetts Real Estate Trust established under a Declaration of Trust dated November 2, 2012 and referenced in a certificate pursuant to M.G.L. c. 184 § 35 and recorded with the Norfolk County Registry of Deeds on March 19, 2013 in Book 31146, Page 573. Mr. Gillis is a citizen of Massachusetts and is referred to herein as the "Plaintiff."

2. The Defendant, Falls Stamping and Welding Company (sometimes referred to as "Falls Stamping and Welding Co.") is an Ohio corporation with a principal place of business at 2900 Vincent Street, Cuyahoga Falls, Ohio and has an authorized statutory agent for service of process at SSSD Service Company, Inc., 1375 East 9th Street, Suite 900, Cleveland, Ohio 44114. This Defendant is referred to herein as "Falls Stamping."

3. The Defendant, Falls New River Valley Stamping Company, LLC is an Ohio limited liability company with an agent for service of process of LRSS Service Company, Inc., 1111 Superior Avenue, Suite 1000, Cleveland, Ohio 44114. This Defendant is registered to do business in the State of Virginia and is the entity by which Defendant falls Stamping does business in Pulaski Virginia. It is referred to herein as "Falls New River."

4. The Rule 19 Defendant, The New Can Company, Inc. is Delaware Corporation, although its status in that state is currently listed as "Delinquent." The New Can Company, Inc. is sometimes referred to (and refers to itself as) "The

Newcan Company" or "New-Can Company."  The New Can Company has a principal place of business at 1367 Sater Street, Greenville, Ohio 45331, and an agent for service of process at Harvard Business Services, Inc, 16192 Coastal Highway, Lewes Deleware.  This Defendant is referred to herein as "Newcan" and is added as a party under FRCP Rule 19 in that it may claim an interest in the subject matter or Receivership remedy requested in this matter.

.        5.       The Defendants, Falls Stamping, Falls New River and Rule 19 Defendant Newcan are *de facto* a single business enterprise sharing common ownership, common management, and common control.  One Jason L. Taft is the Chief Financial Officer and Vice President of Sales for Falls Stamping, as well as the Treasurer, Secretary and Chief Executive Officer of Newcan (and its Vice President of Sales) and he is also the sole company Member of Falls New River.  Jason Taft resides at 866 Dogwood Trail, Medina, Ohio 44256.

## Jurisdiction and Venue

6.       The jurisdiction of this Court is appropriate in this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs and all parties (including corporate members of parties) are citizens of different states.

7.       Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that the claims and judgment at issue arose within this judicial district.

## Facts Common to All Counts

8.       The Plaintiff is a Judgment Creditor in the amount of $355,850.65 pursuant to the Writ of Execution on Money Judgment attached to this document as **Exhibit A**, and which issued against Rule 19 Defendant, Newcan in Norfolk County Superior Court, Civil Action No.

2082CV00345 on April 26, 2021. This Execution remains completely unsatisfied because of the absence of any assets of the Rule 19 Defendant Newcan in the Commonwealth of Massachusetts.

9. By operation of M.G.L. c. 235 § 8, the unsatisfied Judgment and Execution continue to bear interest at the rate of $116.99 per day from the date of issuance. As of April 26, 2022, (one year from the issuance of the Execution), the total amount owed to the Plaintiff in accordance with Massachusetts law under the Judgment and Execution was $398,552.73.

10. The unsatisfied Judgment and Execution attached to this Complaint as **Exhibit A** arose from a civil action brought by Plaintiff for damages to property and breaches of the lease for property located at 1 Mear Road, Holbrook, Massachusetts, which property was owned by the Plaintiff as Trustee. The breaches of lease and damage to the property occurred during the time of Newcan's operations at that location in Massachusetts and while Newcan was owned, operated and managed by the Defendants Falls Stamping and Falls New River and controlled by Jason L. Taft.

11. As determined by the Norfolk County Superior Court in its Memorandum of Decision dated January 28, 2021, (giving rise to the Judgment and Execution attached as **Exhibit A**), the date of the breach of the lease was April 4, 2020.

12. Prior to, and after April 4, 2020, and with knowledge and reason to know of their liabilities to the Plaintiff, the Defendants, Falls Stamping and Falls New River caused to be moved from the Commonwealth of Massachusetts all assets of Newcan located in Massachusetts to new locations, operated by these Defendants including primarily 28 Jefferson Avenue, Pulaski, Virginia.

13. At the Pulaski, Virginia location, as well as at locations at 1367 Sater Street, Greenville, Ohio and 121 Clouds Creek Road, Gastonia, North Carolina (both previously

operated by Newcan), the Defendants, Falls Stamping and Falls New River continue to conduct essentially the same business previously conducted by Newcan utilizing the same historical equipment, personnel, ownership, control, management, sales team, customers, advertising, website and other business attributes.

14. Further, at the Pulaski, Virginia location, the Defendants, Falls Stamping and Falls New River have comingled the equipment, personnel, building premises, utilities, insurance coverages, accounting and other premises attributes and expenses with those of Falls Stamping and Falls New River.

15. The actions of the Defendants, Falls Stamping and Falls New River with respect to the assets and business activities of Newcan are more than sufficient to establish successor liability on their part under the equitable doctrine of "*de facto* merger" as explained by the Massachusetts Supreme Judicial Court in the case of *Milliken and Company v. Duro Textiles, LLC*, 451 Mass. 547 (2008).

16. The actions of the Defendants, Falls Stamping and Falls New River with respect to the assets and business activities of Newcan are more than sufficient to establish successor liability under the equitable doctrine of "mere continuation" as explained by the Massachusetts Supreme Judicial Court in the case of *Milliken and Company v. Duro Textiles, LLC*, 451 Mass. 547 (2008).

**Causes of Action**

**COUNT I - Declaratory Judgment**

17. The actions, practices, errors, and omissions of the Defendants, Falls Stamping and Falls New River render them liable for imposition of a Declaratory Judgment pursuant to 28

U.S.C. § 2201 to the effect that they are together and separately, liable for the full amount of the unsatisfied Judgment and Execution attached hereto and marked as **Exhibit A.**

## COUNT II – Unjust Enrichment

18.     The Plaintiff adopts and restates the allegations of Paragraphs 1 through 17 as if fully set forth herein.

19.     The actions, practices, errors, and omissions of the Defendants, Falls Stamping and Falls New River constitute actionable unjust enrichment, rendering them liable to the Plaintiff for the full amount of the unsatisfied Judgment and Execution attached hereto and marked **Exhibit A.**

## COUNT III – Violation of Massachusetts Uniform Fraudulent Transfer Act

20.     The Plaintiff adopts and restates the allegations of Paragraphs 1 through 19 as if fully set forth herein.

21.     The actions, practices, errors, and omissions of the Defendants, Falls Stamping and Falls New River constitute actionable violations of the Massachusetts Fraudulent Transfers Act found at M.G.L. c. 109A, § 1 *et seq*. for which they are liable to the Plaintiff for damages measured by the amount of the unsatisfied Judgment and Execution attached hereto and marked **Exhibit A.**

## COUNT IV - Violation of Massachusetts General Laws Chapter 93A, §§ 2 and 11

22.     The Plaintiff adopts and restates the allegations of Paragraphs 1 through 21 as if fully set forth herein.

23. The actions, practices, errors, and omissions of the Defendants, Falls Stamping and Falls New River constitute violations of the Massachusetts Unfair Trade Practices Act found at M.G.L. c. 93A, §§ 2 and 11. Further, such violations of this statute were both "willful" and "knowing" violations within the meaning of the statute rendering such Defendants liable for treble damages along with all costs of the instant action and a reasonable attorney's fee.

### COUNT V – Appointment of a Receiver under F.R.C.P. Rule 66

24. The Plaintiff adopts and restates the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25. The actions, practices, errors, and omissions of the Defendants, Falls Stamping and Falls New River described herein render it appropriate that this Court appoint a Receiver pursuant to Federal Rules of Civil Procedure, Rule 66 to take possession, custody and control of sufficient assets of the Defendants and the Rule 19 Defendant to both unwind the comingled business affairs and assets of Newcan and to satisfy the Judgment and Execution attached hereto as **Exhibit A.** The imposition of a Receivership is expressly authorized in this situation under M.G.L. c. 156D, § 14.32 and M.G.L. c. 109A, § 8(3)(ii).

WHEREFORE, Plaintiff, Ronald J. Gillis, Jr. prays that judgment enter in his favor on each of the foregoing Causes of Action, and

1. that damages be awarded under Counts II, III and IV,

2.     that the amount of damages under Count IV be ordered trebled in accordance with the statutory provisions of Chapter 93A, §§ 2 and 11,

3.     that a Declaratory Judgment enter as requested in Count I above and a Receiver be appointed as requested in Count V, and

4.     that the Court enter such other and further relief as may be appropriate.

**PLAINTIFF CLAIMS A JURY TRIAL AS TO ALL ISSUES OF FACT HEREIN.**

Respectfully submitted,
Plaintiff,
RONALD J. GILLIS, JR.,

By his attorneys,

  /S/ Robert S. White
Robert S. White, BBO #552229
Roy A. Bourgeois, BBO #051020
BourgeoisWhite, LLP
One West Boylston Street, Suite 307
Worcester, MA 01605
Tel. (508) 753-7038
Fax: (508) 756-1613
rsw@bw.legal
royb@bw.legal

Dated: May 6, 2022